**RICHMARK CORPORATION, a California corporation, Plaintiff,**

v.

**TIMBER FALLING CONSULTANTS, INC., an Oregon corporation, Defendant.**

**TIMBER FALLING CONSULTANTS, INC., an Oregon corporation, Counterclaim Plaintiff,**

v.

**RICHMARK CORPORATION, a California corporation; Peacock Manufacturing Company, Inc., a Texas corporation; Beijing Ever Bright Ind. Co., a foreign corporation; Zhu Yuanchang; Eugene Wang; James Yang; and Francis Tong, Counterclaim Defendants.**

**Civ. No. 88–1203–FR.**

United States District Court, D. Oregon.

July 24, 1991.

Thomas V. Dulcich, Kurt F. Hansen, Schwabe, Williamson & Wyatt, Portland, Or., for Richmark Corp.

John F. Neupert, Stephen K. Bushong, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for Timber Falling Consultants, Inc.

Thomas G.P. Guilbert, Portland, Or., David A. Ranheim, C. Ann Olson, Dorsey & Whitney, Minneapolis, Minn., for Beijing Ever Bright Ind. Co.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (#356) of Beijing Ever Bright Ind. Co. (Beijing Ever Bright) to vacate sanctions.

## BACKGROUND

On April 4, 1991, this court ordered Beijing Ever Bright to pay to Timber Falling Consultants, Inc. (TFC) the sum of $10,000 per day from March 14, 1991, until Beijing Ever Bright complies with the court's orders of March 4, 1991 and October 15, 1990, which require that Beijing Ever Bright produce to TFC information requested by TFC in discovery in an attempt to locate assets that may be subject to execution. In its order of April 4, 1991, the court stated that "Beijing Ever Bright has leave to move to vacate the $10,000 per day penalty, if it complies with the court's orders of March 4, 1991, and October 15, 1990, within 60 days of entry of this order."

Beijing Ever Bright has now provided TFC with some general information and asks that this court vacate the contempt sanctions. Beijing Ever Bright asserts that it cannot provide any additional information because the State Secrecy Bureau of the People's Republic of China has issued a directive which provides:

We acknowledge our receipt of the report ([91] Guang Da No. 011) submitted by your Company on March 9, 1991 in which you requested this Bureau's approval of your disclosing and/or providing information relating to Beijing Ever Bright's world-wide assets pursuant to a court order issued by the United States District Court for the District of Oregon. In accordance with Articles 5, 11 of "State Secrecy Law of the People's Republic of China" and Article 10 of "The Implementation Regulations of State Secrecy Law of the People's Republic of China", this Bureau hereby orders your Company not to disclose or provide the information and documents requested by

the United States District Court for the District of Oregon except Items 1, 2, 3(f), 9 and 10. Your Company shall bear any or all legal consequences should you not comply with this order.

The foregoing is our reply to your request.

Exhibit 1 to Beijing Ever Bright's Memorandum in Support of Motion to Vacate Sanctions for Contempt, p. 5.

Beijing Ever Bright contends that it cannot comply with the orders of this court because to do so would subject it to criminal sanctions by its own government. Beijing Ever Bright represents that it has made every reasonable, good faith effort to comply with the orders of this court to the extent that it is allowed under Chinese law, and therefore this court should vacate the sanctions imposed.

TFC contends that this court should not vacate the order imposing sanctions until Beijing Ever Bright complies with the discovery orders of the court, or pays the judgment, or posts the necessary bond to stay the execution of the judgment. TFC argues that the directive of the State Secrecy Bureau is insufficient to show how the interests of the People's Republic of China are implicated by the disclosure of the information ordered by this court. TFC points out that Beijing Ever Bright has disclosed information about its assets in other contexts when disclosure was to the benefit of Beijing Ever Bright in a financial transaction. TFC argues that Beijing Ever Bright has not made a good faith attempt to comply with the orders of this court, but instead has enlisted the help of the State Secrecy Bureau, another arm of the People's Republic of China, to avoid producing the information.

## ANALYSIS AND RULING

In *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), a Swiss company sued to recover property seized by the United States pursuant to the Trading With the Enemy Act. The United States requested discovery of records of the Swiss banking firm that the United States alleged had conspired with the plaintiff. The Swiss government enjoined the plaintiff from producing the requested documents. The district court dismissed the action when the plaintiff failed to produce the documents. The Supreme Court reversed the order of dismissal stating that "fear of criminal prosecution constitutes a weighty excuse for nonproduction, and this excuse is not weakened because the laws preventing compliance are those of a foreign sovereign." *Id.* at 211, 78 S.Ct. at 1095.

The Court in *Societe Internationale* stated that its ruling would not apply to every situation in which a party is prevented by enforcement of foreign law from producing relevant information in its control. The Court specifically stated that the determination depends "upon the circumstances of a given case." *Id.* at 206, 78 S.Ct. at 1092.

In *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court, S.D. Iowa*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), the Court addressed the extent to which the federal district court must employ the procedures set forth in the Hague Convention when litigants sought discovery from corporations owned by the Republic of France, and these corporations contended that under French penal law, they could not respond to discovery requests that did not comply with the procedures set forth in the Hague Convention. The Court once again cautioned that "prior scrutiny in each case of the particular facts [and] sovereign interests" is necessary. *Id.* at 544, 107 S.Ct. at 2556. The court specifically addressed the issue of weight to be given the French statute blocking disclosure and stated:

The French "blocking statute" ... does not alter our conclusion. It is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute.... While the District Court's discovery orders arguably have some impact in France, the French blocking statute as-

serts similar authority over acts to take place in this country. The lesson of comity is that neither the discovery order nor the blocking statute can have the same omnipresent effect that it would have in a world of only one sovereign. The blocking statute thus is relevant to the court's particularized comity analysis only to the extent that its terms and its enforcement identify the nature of the sovereign interests in nondisclosure of specific kinds of material.

*Id.* n. 29.

This case involves a civil action in which Beijing Ever Bright, a corporation in the People's Republic of China, entered into a contract with a California corporation for the purchase of timber. A default judgment was entered against Beijing Ever Bright after it failed to respond. This court concluded that jurisdiction over Beijing Ever Bright was proper, and that Beijing Ever Bright was not entitled to relief from the order of default. The Ninth Circuit Court of Appeals affirmed the judgment entered by this court. *Richmark Corp. v. Timber Falling Consultants, Inc.,* 937 F.2d 1444 (9th Cir.1991).

The information sought by TFC is relevant to the issue of collecting on the default judgment. At all times, Beijing Ever Bright has been entitled to post the appropriate bond, thereby staying the default judgment. The information sought by TFC is relevant and reasonable in scope. There is no indication of any kind as to the nature of the sovereign interests that would be implicated by the disclosure of the requested information.

The State Secrecy Bureau determined that Beijing Ever Bright could respond to those interrogatories requesting Beijing Ever Bright to describe the nature of its business; to list the names and addresses of each of the offices of Beijing Ever Bright; and to state the value and location of Beijing Ever Bright's furniture, equipment and machinery, but that Beijing Ever Bright could not disclose the value and location of its real property, cash, documents of title, stocks, bonds, notes, inventory, accounts receivable, or accounts in financial institutions. It is the latter infor-

mation that could lead to the execution of the judgment. This type of information has been disclosed by Beijing Ever Bright in other contexts in order to facilitate financial transactions without a concern for national security.

This court accepts the determination of the State Secrecy Bureau that the information requested cannot be disclosed without consequence "[i]n accordance with Articles 5, 11 of 'State Secrecy Law of the People's Republic of China' and Article 10 of 'The Implementation Regulations of State Secrecy Law of the People's Republic of China.'" Exhibit 1 to Beijing Ever Bright's Memorandum in Support of Motion to Vacate Sanctions for Contempt, p. 5. However, this court is not informed as to what that consequence is. The court does not know the nature of the interest of the People's Republic of China in not having Beijing Ever Bright disclose its assets, other than the obvious consequence that these assets will be subject to the execution of the default judgment entered in this case. The State Secrecy Bureau does not state that national security is at issue. The claim of "national security" in the memorandum submitted by Beijing Ever Bright is not supported by any explanation. It is not reasonable from the nature of these proceedings to conclude that national security is an issue.

Furthermore, Beijing Ever Bright is not without an alternative in this case. Beijing Ever Bright is not forced to choose between the monetary sanctions that may be imposed by this court and the legal consequences that may be imposed by the State Secrecy Bureau of the People's Republic of China. Beijing Ever Bright can pay the judgment and avoid either consequence.

## CONCLUSION

The motion of Beijing Ever Bright to vacate sanctions (# 356) is denied.